IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES CALVIN FRAZIER, #177281,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. |
| ) | 2:12-CV-155-TMH |
| BEN FULLER - CIRCUIT COURT JUDGE   ) | |
| OF AUTAUGA COUNTY, ALA.,   ) | |
| ) | |
| Defendant.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James Calvin Frazier ["Frazier"], an indigent state inmate presently incarcerated at the J. O. Davis Correctional Facility.  In this complaint, Frazier challenges the constitutionality of adverse rulings issued regarding a Rule 32 petition and motions for post-conviction discovery, mandamus and status filed in the Circuit Court of Autauga County, Alabama.  Specifically, Frazier maintains Ben Fuller, the judge presiding over the state court proceedings, refused to send him records relevant to his second degree theft of property conviction for use in prosecuting the Rule 32 petition. Compl. (Doc. No. 1) at 2-3.  In addition, Frazier maintains Judge Fuller improperly issued an order directing the Circuit Clerk of Autauga County to accept no further filings from Frazier in his state post-conviction action.  Frazier alleges these actions by Judge Fuller resulted in a denial of access to the state courts.  Finally, Frazier challenges the constitutionality of the conviction and resulting sentence imposed upon him

by the Circuit Court of Autauga County for second degree theft of property. *Id.* at 3 ("The court was without jurisdiction to render judgment or to impose sentence."). Frazier requests that Judge Fuller "be ordered to vacate his [theft] conviction . . . [and] to vacate [the] order prohibiting the Clerk from accepting any of his filings on his [state post-conviction] case." *Id.* at 4.

Upon review of the allegations contained in the complaint, the court concludes this case is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II. DISCUSSION

**A. Challenge to Orders/Actions of State Court - Denial of Access to Court**

Frazier alleges orders issued by Judge Fuller denying him discovery of legal materials and limiting his ability to file documents with the state trial court have denied him access to such court.

1. <u>Non-Final Orders</u>. To the extent Frazier seeks relief from adverse decisions issued by a state court which are not yet final, he is not entitled to relief from this court on these claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there

---

[1] The court granted Frazier leave to proceed *in forma pauperis* in this case. Order of February 23, 2012 (Doc. No. 5). A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, and/or seeks monetary damages from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Frazier may appeal any order issued or action taken by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Frazier to challenge non-final orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243. Thus, any claim which arises from a non-final order issued by the Circuit Court of Chilton County, Alabama is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. <u>Final Orders</u>. With respect to those claims presented by Frazier attacking the constitutionality of orders issued or actions taken by the state court in his post-conviction proceeding which have become final under state law, this court lacks jurisdiction to render relief from these orders in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Frazier from proceeding before this court as this case, with respect to any claims challenging final orders issued by a state court in a pending post-conviction action, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments [or orders]

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (Federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes dismissal of the requests for relief from final actions undertaken by the state court during the Rule 32 proceedings and any related motions is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons & Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### B. Challenge to Plaintiff's Conviction and Sentence

Frazier presents claims challenging the jurisdiction of the Circuit Court of Autauga County, Alabama to impose the conviction and sentence upon him for second degree theft

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

of property. Compl. (Doc. No. 1) at 3. These claims clearly go to the fundamental legality of this conviction and sentence and, therefore, provide no basis for relief in this section 1983 action. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or sentence is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-89. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Supreme Court emphasized "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the constitutionality of a conviction and/or sentence "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded a state prisoner's "claim[s] for declaratory relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . . ." unless the prisoner can demonstrate that the challenged conviction/sentence has previously been invalidated. 520 U.S. at 648. Moreover, the Court

determined this is true not only when a prisoner challenges the judgment as a substantive matter, but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously advanced in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction and resulting sentence is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649; *see also Castro v. United States*, 540 U.S. 375, 382 (2003) (disfavoring a court's *sua sponte* re-characterization of an action as one seeking post-conviction collateral relief under 28 U.S.C. § 2255).

Frazier challenges the constitutionality of a conviction and sentence for second degree theft of property imposed upon him by the Circuit Court of Autauga County, Alabama. A judgment in favor of Frazier on his claims attacking the jurisdiction of the state court would necessarily imply the invalidity of the conviction and resulting sentence. It is clear from the records of this court that the conviction and sentence about which Frazier complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack by Frazier on the conviction and sentence levied by the Circuit Court of Autauga County, Alabama for second degree theft of property is clearly prohibited by federal law and subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. at 488-90.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's challenges to the constitutionality of orders issued and/or actions taken by Judge Ben Fuller on petitions/motions litigated in the Circuit Court of Autauga County, Alabama be DISMISSED with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii);

2.  The plaintiff's claims challenging the constitutionality of the conviction and sentence imposed upon him by the Circuit Court of Autauga County, Alabama for second degree theft of property be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3.  This case be dismissed prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before March 8, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 23rd day of February, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE